IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yiyun Wang, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 9021 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| United States Citizenship and, | ) | |
| Immigration Services | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant United States Citizenship and Immigration Services ("USCIS") rejected a petition for Plaintiff Yiyun Wang to receive an H-1B visa. In response, Wang filed this lawsuit. USCIS now moves to dismiss under Rule 12(b)(1) arguing that Wang lacks Article III standing and under Rule 12(b)(6) arguing that Wang failed to state a claim. Though Wang has standing under Article III, she fails to state a claim under Rule 12(b)(6), and the case is dismissed.

### **Legal Standard**

A Rule 12(b)(1) motion tests whether a court lacks subject matter jurisdiction, such as a lack of standing. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). To survive dismissal, the plaintiff must "allege sufficient factual matter to support the inference that standing exists." *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024). This means that the plaintiff "must clearly allege facts demonstrating each element of the standing inquiry." *Id.* (citations omitted). The three elements of standing are (1) an injury in fact (2) that is fairly traceable to the challenged action of the defendant and (3) that it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Id.*

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In deciding a motion to dismiss—both a Rule 12(b)(1) facial challenge regarding subject matter jurisdiction and a Rule 12(b)(6) failure to state a claim—the Court accepts the well-pleaded facts in the complaint as true and draws reasonable inferences in the plaintiff's favor. *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**Background**

Under the Immigration and Nationality Act ("INA"), United States employers may apply for employment visas for foreign workers. 8 U.S.C. § 1101 *et seq.* The "H-1B visa" applies to foreign workers who come to the United States temporarily to work in a "specialty occupation." 8 U.S.C. §§ 1101(a)(15)(H)(i)(B). Congress placed an annual cap on the number of H-1B visas, 8 U.S.C. § 1184(g), and the demand for visas exceeds the cap. R. 13 at 2–3. To manage the high demand, USCIS implemented a registration requirement. *Id.* The registrations are put in a random selection lottery system and, USCIS notifies "all petitioners with selected registrations that the petitioner is eligible to file an H–1B cap-subject petition on behalf of the beneficiary named in the notice within the filing period indicated on the notice." 8 C.F.R. § 214.2(h)(8)(iii)(C). USCIS "may deny or reject" untimely petitions. 8 C.F.R. § 214.2(h)(8)(iii)(D)(3).

Plaintiff Yiyun Wang is a citizen of China. R. 1 ¶ 14. Axtria, an American technology company, registered with USCIS to file an H-1B petition on Wang's behalf. *Id.* at ¶¶ 16–17. The lottery system selected Axtria's registration and USCIS provided notice that Axtria should file its petition between April 1, 2024 and June 30, 2024. *Id.* at ¶ 18. On June 14, Axtria mailed the petition via UPS with a scheduled delivery date to USCIS of June 18. *Id.* at ¶ 19. UPS failed to deliver the petition to USCIS and instead returned the petition to Axtria on July 9. *Id.* at ¶ 21. Axtria mailed the petition a second time and it was delivered to USCIS on July 15. *Id.* at ¶ 22. Though Axtria requested that USCIS equitably toll the time for filing, USCIS rejected the petition as untimely without acknowledging or responding to Axtria's request. *Id.* at ¶¶ 23–24.

In response, Wang filed this lawsuit seeking a court order (1) to compel USCIS to accept the petition for filing; or (2) to set aside the rejection of the petition as unlawful and compel USCIS to render a decision within thirty days. R. 1 ¶¶ 27–33. USCIS now moves to dismiss. R. 12.

## Discussion

### I. Standing

In its motion to dismiss, USCIS challenges only the second and third elements of standing. R. 13 at 10–13. Regarding traceability, a plaintiff must show a "causal connection between the injury and the conduct complained of." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, the injury must be related to the defendant's conduct and "not the result of the independent action of some third party not before the court." *Id.* (citations omitted). In its motion to dismiss, USCIS argues that the rejection of Wang's petition was caused by UPS's late delivery rather than by USCIS. R. 13 at 10–11. True, UPS's botched delivery was part of the causal chain. But traceability is "less demanding than proximate causation" and traceability "does not fail solely because there are several links or because a single third party's actions intervened." *O'Handley v.*

3

*Weber*, 62 F.4th 1145, 1161 (9th Cir. 2023) (citations omitted). And as alleged, Wang's injury—her failure to obtain an H-1B visa—was also caused, at least in part, by USCIS because USCIS declined to consider Axtria's request for equitable tolling. *See* R. 1, ¶¶ 23–24. This is sufficient to demonstrate traceability.[1]

Regarding redressability, if the Court were to compel USCIS to accept the petition, this would remedy Wang's injury. Alternatively, if the Court were to compel USCIS to consider the petition, the likely result would be that USCIS would grant the H-1B visa—given a reasonable inference in Wang's favor that the only defect in the petition was its untimely arrival to USCIS. This meets the standard, stated above, for redressability. USCIS argues, however, that the Court cannot "compel USCIS to violate its own regulation to accept Axtria's untimely petition for adjudication." R. 13 at 12.

It is correct that courts cannot compel an agency to violate a regulation. *Taylor v. McCament*, 875 F.3d 849, 853–55 (7th Cir. 2017). Indeed, where the plaintiff seeks relief that would require an agency to violate or exceed its statutory authority, the court is "unable to provide relief" and the plaintiff thus lacks standing. *Id.* at 853. For example, in *Patel v. Rodriguez,* the plaintiffs sought to compel USCIS to issue 80,000 U-visas. *Id.* (citing *Patel v. Rodriguez*, 2015 WL 6083199 (N.D. Ill. Oct. 13, 2015)). The statute at issue imposed an annual cap on U-visas, and the cap had already been reached for the year in question. *Id.* Thus, the court in *Patel* could not compel USCIS to grant the visas because such relief would necessarily cause USCIS to violate its statutory authority. *Id.* As such, the court was "unable to provide [the requested] relief," and the plaintiffs lacked standing. *Id.*

---

[1] Regarding traceability, the parties dispute whether Axtria acted diligently to ensure that the petition reached USCIS in a timely manner. *Cf.* R. 17 at 3 *with* R. 21 at 5. Wang moves to strike USCIS's diligence argument. R. 22. Because the Court did not rely on the diligence argument to reach a finding on traceability, Wang's motion to strike is denied as moot.

4

The facts of this case, however, are different. Here, the statute at issue provides that USCIS "*may* deny or reject" untimely petitions. 8 C.F.R. § 214.2(h)(8)(iii)(D)(3) (emphasis added). Critically, the relevant statutory language provides USCIS with discretion. Thus, if the Court ordered USCIS to accept or consider the petition, this would not cause USCIS to exceed its statutory authority because USCIS had discretion to accept the petition in the first instance. In sum, the injury is redressable.

For the reasons stated above, Wang has alleged sufficient factual matter to support the inference that standing exists.

## II. Failure to State a Claim

Wang's first claim is a mandamus claim seeking to compel USCIS to accept the petition for filing. R. 1 ¶¶ 27–28. District courts have the authority to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (citations omitted). As a matter of law, Wang cannot establish these elements. As discussed, the relevant statute provides the USICS with discretion to deny or reject untimely petitions and USCIS exercised that discretion when it rejected the petition. Wang thus does not have a clear right to have her petition accepted. Nor does USCIS have a duty to accept the petition.

In her response brief, Wang argues that this was not an issue of discretion, but rather that USCIS was obligated to accept any untimely petition if the requirements for equitable tolling were met. R. 17 at 5–6. But Wang is unable to identify any relevant legal authority to suggest that USCIS would be obligated to accept an untimely petition. Wang's argument relies on a decision from the

5

U.S. Department of Justice Board of Immigration Appeals which found that the Board of Immigration was obligated to accept late-filed appeals where the party could establish that equitable tolling applied. *See Matter of Morales-Morales*, 28 I&N Dec. 714 (BIA 2023). But the *Morales* case is not binding, not persuasive, and frankly irrelevant. The case involves a different agency, a different set of regulations, and a different legal issue—an appeal deadline as compared to a visa petition. Indeed, other courts have expressly found that USCIS has discretion to reject untimely petitions. *See Intel Corp. v. U.S. Citizenship & Immigr. Servs.*, 739 F. Supp. 3d 762, 775 (N.D. Cal. 2024) (finding that USCIS did not violate the INA or its implementing regulations "by denying the petitions as untimely, where that decision was entirely consistent with 8 C.F.R. § 214.2(h)(8)(iii)(D)(3)" and that "USCIS may have had the option to reopen Intel's petitions on a discretionary basis" but that this "does not establish that it was required to do so."). Wang thus cannot establish a mandamus claim.[2]

Wang's second claim is brought under the Administrative Procedure Act ("APA") and seeks a court order setting aside the rejection of the petition as unlawful and compelling USCIS to render a decision. R. 1 ¶¶ 29–33. Under § 706 of the APA, district courts have the authority to review agency decisions. 5 U.S.C. § 706. But before courts may review an agency's decision under § 706, the review must first "clear the hurdle of § 701(a)" which provides that judicial review is not allowed where the relevant statutes "preclude judicial review" or where "agency action is committed to agency discretion by law." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (citing 5 U.S.C. § 701). As already discussed, the relevant statute provides USCIS with discretion to reject untimely petitions. As such, Wang cannot clear the hurdle of § 701(a). The Court thus lacks authority to review this decision. Wang cannot proceed on her APA claim.

---

[2] Because the first two elements are not met, Wang cannot bring a mandamus claim, and the Court need not address the third element.

**Conclusion**

For the reasons stated above, the motion to dismiss [12] is granted. Though Wang has standing under Article III, she fails to state a claim under Rule 12(b)(6), and the case is thus dismissed. The motion to strike [22] is denied as moot.

**SO ORDERED.**                                                                                       **ENTERED: June 27, 2025**

**HON. JORGE L. ALONSO**
**United States District Judge**